**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **CASE NO. 21-mj-53** |
| **v.** | **:** | |
| | **:** | |
| **CHRISTINE PRIOLA** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**UNITED STATES' MEMORANDUM**
**REGARDING STATUS OF DISCOVERY AS OF SEPTEMBER 14, 2021**

The United States files this memorandum for the purpose of describing the status of implementation of our discovery plan in relation to voluminous sets of data that the government collected in its investigation of the Capitol Breach cases, among which may be interspersed information the defense may consider material or exculpatory. The materials upon which this memorandum is focused include, for example, thousands of hours of video footage from multiple sources (*e.g.*, Capitol surveillance footage, body-worn-camera footage, results of searches of devices and Stored Communications Act accounts, digital media tips, Parler video, and unpublished news footage), and hundreds of thousands of investigative documents including but not limited to interviews of tipsters, witnesses, investigation subjects, defendants, and members of law enforcement.

**Capitol Breach Defense Discovery Liaison Established**

The Federal Public Defender for the District of Columbia ("FPD") has agreed to serve as the Discovery Liaison for defense counsel in Capitol Breach cases. FPD will be the common point of contact between Department of Justice, the U.S. District Court for the District of Columbia, the Administrative Office of U.S. Courts, Defender Services Office, and defense counsel.

**Status of Defense Access to Discovery Databases**

As noted in our Memorandum Regarding Status of Discovery as of August 23, 2021 (the "August 23 Memo") (21-mj-53), incorporated herein by reference, under our discovery plan, we will use two primary platforms to process and produce discoverable voluminous materials, evidence.com for voluminous digital media materials (*e.g.*, body-worn-camera footage and U.S. Capitol Police ("USCP") surveillance footage) and Relativity for documents (*e.g.*, items such as law enforcement investigation files and business records). Further, we will ensure that all Capitol Breach legal defense teams will have access to the same platforms, including technological functionality commensurate to that available to the government, for the purpose of receiving and reviewing discoverable materials.

*Evidence.com*

On September 3, 2021, the United States modified its contract with Axon Enterprise, Inc. ("Axon"), our evidence.com vendor. Pursuant to the modification, the government has funded a Capitol Breach defense instance of evidence.com and purchased licenses that will enable legal defense teams to gain access to the database. The defense instance is managed and administered by FPD, and the government has no ability to log into or retrieve information from the defense instance. FPD is currently working with Defender Service's National Litigation Support Team to create a structure for distributing and tracking Axon licenses for defense counsel. As we stated in our previous memo, defense counsel can share evidence from the defense instance with individual defendants using a cloud-based file-sharing service offered by Axon called my.evidence.com.

As a result of September 3, 2021 contract modifications, we are now technologically able to share approximately 2,300 hours of body-worn-camera videos to the defense instance of

evidence.com. To ensure this enormous production is organized and meaningful for the defense, we are currently categorizing and tagging the videos. Further, to ensure that the videos (which display approximately 1,000 assaults upon officers and include occasional references to personal identifying information) are adequately protected, we are also exploring whether it is technologically possible for downloading to be automatically suppressed when video is shared by defense counsel to defendants.

We expect to be able to share the body-worn-camera footage to the defense instance of evidence.com by no later than the end of this week (Friday, September 24, 2021).[1]

We have uploaded approximately twenty percent of the relevant USCP surveillance footage to our instance of evidence.com (*i.e.*, in excess of one terabyte of video, consisting of about 140 cameras, 4,900 files, and 1,600 hours of footage). We are applying sensitivity designations to these files. We expect to begin sharing them to the defense instance next week.

FPD anticipates updating defense counsel with the status of their work to distribute and track Axon licenses approximately one week after the first significant production of discovery is loaded into the defense instance evidence.com platform.

*Relativity*

Deloitte Financial Advisory Services, LLP ("Deloitte"), our Relativity vendor, has established a Capitol Breach defense Relativity workspace. We continue to work toward a modification of our contract to fund the additional hosting and support of that database. Modifying the Deloitte contract presents multiple contractual, technical, and legal challenges that were not posed by the Axon contract but we are moving with as much haste as possible given the

---

[1] As elaborated in our August 23 Memo, we will also provide information we have developed that will help facilitate defense review of the footage.

various complexities. We believe that by October, the contract modifications will be completed,
thus allowing for defense access to the Relativity database. To give the Court a sense of just
some of the challenges that we are addressing, they include formulating concrete plans
describing the staffing and technological safeguards that will be put into place to eliminate the
possibility of work product being shared from one workspace to another. We must also ensure
the modification, which must be fairly detailed under applicable government contracting rules
and regulations, will be sufficient to support hundreds of defense cases, and are working closely
with FPD in support of that effort. As this undertaking by FPD is also unprecedented, handling
the contract modification correctly takes time. FPD will work with Defender Service's National
Litigation Support Team to create a structure for distributing and tracking Relativity licenses and
anticipates updating defense counsel with the status of their work approximately one week after
the contract is modified to provide access to FPD. Finally, we must ensure that in making
available hundreds of thousands of documents to hundreds of legal defense teams, we are careful
to ensure that materials are properly scoped pursuant to the terms of any applicable warrants, and
that access to the database is restricted in a manner that will ensure our compliance with
applicable privacy laws. We are currently consulting with Department of Justice experts in
privacy and discovery to ensure that these issues are properly handled.

In the interim, as we stated in our August 23 Memo, we will continue to provide
documents from our Relativity database through productions in individual cases, and any
productions we make will also be added to the defense Relativity workspace. On Friday,
September 10, 2021, the Discovery Team made available for production in all Capitol Breach
cases approximately 850 pages consisting of redacted reports from USCP investigations of
alleged wrongdoing by USCP officers on January 6, 2021. We anticipate providing Metropolitan

Police Department internal investigation reports (approximately 600 pages) by next week. We are still reviewing the ~30,000 files provided to us by USCP for production.

As the Discovery Team receive documents, we cull them of any materials potentially protected by Federal Rule of Criminal Procedure 6(e) and provide the remainder (a majority) to Deloitte for ingestion into our Relativity database for discovery review. At this time, we have provided Deloitte the following documents for ingestion into our Relativity database:

- Discovery productions (approximately 11,500 records) that have been made in complex Capitol Breach cases (e.g., multi-defendant conspiracies involving Oathkeepers and Proud Boys) (approximately 11,500 records);[2] and

- Approximately 24,000 Federal Bureau of Investigation records.

This week, we also expect to provide Deloitte discovery productions that have been made in 75 individual cases (approximately 32,000 documents).[3] As we have described in our prior discovery status memos, the process of populating Relativity with potentially discoverable material is complicated and takes time.

## Incarcerated Defendants

In collaboration with FPD, we are developing proposals to increase access by incarcerated defendants to voluminous materials, which we expect to share with the D.C. Department of Corrections and to discuss within the next two weeks.

## Conclusion

In sum, while we have not resolved every contractual or technical detail, and while our discovery plan continually evolves to address issues as they arise, we are making substantial

---

[2] Although these productions were already made in the relevant cases, they will ultimately be made accessible to all Capitol Breach defendants through the defense Relativity workspace.

[3] Although these productions were already made in the relevant cases, they will ultimately be made accessible to all Capitol Breach defendants through the defense Relativity workspace.

progress in our diligent efforts to provide the defense comparable discovery review platforms for

both documents and digital media, to populate those platforms, and to use alternative means to

provide the most relevant discovery without delay. We are confident that our plan will come to

fruition, and although we have not reached agreement on every aspect of this plan, we continue

to have good faith, productive discussions with FPD regarding production of voluminous data. In

the interim, we will diligently continue to transfer data to our vendors, process it for production,

and make interim productions by other means until the defense platforms are in place. As we

continue to implement our plan, we will continue to file status memoranda with the Court on a

regular basis.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:    /s/ *Emily A. Miller*
       EMILY A. MILLER
       Capitol Breach Discovery Coordinator
       DC Bar No. 462077
       555 Fourth Street, N.W., Room 5826
       Washington, DC 20530
       Emily.Miller2@usdoj.gov
       (202) 252-6988

By:    /s/ *Jolie F. Zimmerman*
       JOLIE F. ZIMMERMAN
       Assistant United States Attorney
       D.C. Bar Number 465110
       United States Attorney's Office
       555 Fourth Street, N.W.
       Washington, D.C.  20530
       Telephone: (202) 252-7220
       Email: jolie.zimmerman@usdoj.gov