UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-MJ-53 |
| | : | |
| CHRISTINE PRIOLA, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court for a 60-day continuance of the above-captioned proceeding, and further to exclude the time within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

**FACTUAL BACKGROUND**

Defendant is charged via complaint with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. In brief, on that date, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had gathered outside forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. Scores of individuals entered the U.S. Capitol without authority to be there. As a result, the Joint Session and the entire official proceeding of the Congress was halted until the Capitol Police, the Metropolitan Police Department, and other law enforcement agencies from the city and

surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials. This event in its entirety is hereinafter referred to as the "Capitol Attack."

The investigation and prosecution of the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. The government incorporates by reference its earlier Unopposed Motion to Continue and to Exclude Time Under the Speedy Trial Act (ECF No. 21, Apr. 8, 2021), as well as its Memorandum Regarding Status of Discovery as of August 23, 2021 (ECF No. 32, Sept. 20, 2021), Memorandum Regarding Status of Discovery as of September 14, 2021 (ECF No. 33, Sept. 20, 2021), Memorandum Regarding Status of Discovery as of October 21, 2021 (ECF No. 37, Oct. 22, 2021), Memorandum Regarding Status of Discovery as of November 5, 2021 (ECF No. 38, Nov. 9, 2021), and Memorandum Regarding Status of Discovery as of February 9, 2022 (ECF No. 44, Feb. 14, 2022), which contain more details about the nature and scope of the investigation and the government's ongoing discovery efforts.

The defendant is charged with knowingly entering or remaining in any restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1); violent entry and disorderly conduct on Capitol grounds, in violation of 40 U.S.C. § 5104(e)(2)(A) & (D); and unlawful activities on Capitol Grounds, parades, assemblages and display of flags, in violation of 40 U.S.C. § 5104(f). In addition to the considerations detailed above, in this case much of the evidence collected was reviewed by a filter team for any attorney-client privileged communications, which delayed production of discovery to the defense of certain search warrant evidence. The government understands that the review of information gathered to date is complete

as of the date of this motion and that information has been made available to the defense. Further, the government extended a plea offer to the defense on April 8, 2022.

## ARGUMENT

Pursuant to the Speedy Trial Act, an indictment charging an individual with the commission of an offense generally must be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(a). Further, as a general matter, in any case in which a plea of not guilty is entered, trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

(i)     Whether the failure to grant such a continuance in the proceeding would

>              be likely to make a continuation of such proceeding impossible, or result
>              in a miscarriage of justice.
>
> (ii)    Whether the case is so unusual or so complex, due to the number of
>         defendants, the nature of the prosecution, or the existence of novel
>         questions of fact or law, that it is unreasonable to expect adequate
>         preparation for pretrial proceedings or for the trial itself within the time
>         limits established by this section.
>         . . .
>
> (iv)    Whether the failure to grant such a continuance in a case which, taken as a
>         whole, is not so unusual or so complex as to fall within clause (ii), would
>         deny the defendant reasonable time to obtain counsel, would unreasonably
>         deny the defendant or the Government continuity of counsel, or would
>         deny counsel for the defendant or the attorney for the Government the
>         reasonable time necessary for effective preparation, taking into account
>         the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir. 2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). As described above, the Capitol Attack is likely the most complex investigation ever prosecuted by the Department of Justice and gathering, reviewing, organizing, and producing discovery is a monumental process.

Additional details are contained in the government's discovery status memoranda filed in this case on September 20, 2021; October 22, 2021; November 9, 2021; and February 9, 2022.

      The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019) (Upholding ends-of-justice continuances totaling 18 months in two co-defendant health care fraud and money laundering conspiracy case, in part because the District Court found a need to "permit defense counsel and the government time to both produce discovery and review discovery"); *United States v. Bell*, 925 F.3d 362, 374 (7th Cir. 2019) (Upholding two-month ends-of-justice continuance in firearm possession case, over defendant's objection, where five days before trial a superseding indictment with four new counts was returned, "1,000 pages of new discovery materials and eight hours of recordings" were provided, and the government stated that "it needed more than five days to prepare to try [the defendant] on the new counts"); *United States v. Vernon*, 593 F. App'x 883, 886 (11th Cir. 2014) (District court did not abuse its broad discretion in case involving conspiracy to commit wire and mail fraud by granting two ends-of-justice continuances due to voluminous discovery); *United States v. Gordon*, 710 F.3d 1124, 1157-58 (10th Cir. 2013) (Upholding ends-of-justice continuance of ten months and twenty-four days in case involving violation of federal securities laws, where discovery included "documents detailing the hundreds financial transactions that formed the basis for the charges" and "hundreds and thousands of documents that needs to be catalogued and separated, so that the parties could identify the relevant ones")(internal quotation marks omitted); *United States v. Lewis*, 611 F.3d 1172, 1177-78 (9th Cir. 2010) (Upholding ninety-day ends-of-

justice continuance in case involving international conspiracy to smuggle protected wildlife into the United States, where defendant's case was joined with several co-defendants, and there were on-going investigations, voluminous discovery, a large number of counts, and potential witnesses from other countries); *United States v. O'Connor*, 656 F.3d 630, 640 (7th Cir. 2011) (Upholding ends-of-justice continuances totaling five months and twenty days in wire fraud case that began with eight charged defendants and ended with a single defendant exercising the right to trial, based on "the complexity of the case, the magnitude of the discovery, and the attorneys' schedules").

In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the ongoing investigation of many other individuals, the volume and nature of potentially discoverable materials, and the reasonable time necessary for effective preparation by all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the defendant in a speedy trial.

Government counsel notified the defense of the filing of this motion, and counsel does not oppose the motion.

WHEREFORE, the government respectfully requests that this Court grant the motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the

public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar 481052

By:   */s/Jolie F. Zimmerman*
       Jolie F. Zimmerman
       Assistant United States Attorney
       D.C. Bar No. 465110
       United States Attorney's Office for the District of Columbia
       555 4th Street, N.W.
       Washington, DC 20530
       (202) 252-7220
       Jolie.Zimmerman@usdoj.gov